Let's call the first case. 210-959 Susan Wagner v. A. Connery Good morning. It pleases the court. My name is Richard Manning, presiding judge McCulloch, is that correct? Thank you, Justice McCulloch and the judges of the Workers' Compensation panel of the appellate court. My name is Manning, Richard Manning, and I appear today as the counsel for Susan Wagner, the appellant. This appeal involves the construction of the Workers' Compensation Act, and specifically Section 16 of that act. The appellant, Susan Wagner, specifically is asking this court to vacate the decision of the Lake County Circuit Court, to remand the case to the commission with instructions to comply with the Workers' Compensation Act. Specifically, Your Honor, this case involves discretion, and whether or not the arbitrator had discretion based upon Section 16 of that act. Is it discretion, or is the issue whether or not the commission abused its discretion?  No, sir. In our brief, we touch that as issue number two, but the primary issue is whether or not the arbitrator even had the discretion not to rule on the petition for reinstatement. And if you're familiar with the brief, you know what happened in this case. It was in action for a number of years on the case. It was for a number of years, but it's not all Susan Wagner's doing. It's one of those cases where you have to be extremely sensitive to what the act provides, and that's where we're coming from. If it were just simply a case of discretion, I think my opponent has already indicated that the standard of review would be an abuse of discretion. We disagree. So what is the standard of review in your mind? The standard of review is de novo, and it's the question of what does the act provide, Section 16. That is where the so-called discretion starts. If you didn't have Section 16, I dare say you probably wouldn't have discretion at all. Section 16, and I know the panel is familiar with that, specifically says that the commission will gain its authority to interpret this act from the Section 16. Well, the arbitrator reinstated the case, didn't he? No, sir, he did not. That's why I'm here. It was dismissed once and then reinstated, wasn't it? Yes. That's right. I had moved my office, and I didn't even know that the commission was sending orders. Is that an excuse? I'm sorry? Is that an excuse for you to move your office and not know what's going on? I think, Your Honor, I would have to say yes if you are a first-time lawyer in the workers' compensation. I sent the mail out and told them. Where does that say that? I'm sorry? Where does that say that if you're a first-time lawyer in workers' comp, you get different rulings? That's an explanation, Judge. It's not an excuse. Okay? I did not know that it was necessary to go beyond the post office by changing my address. Apparently, I had a duty and a responsibility to go to the clerk of the workers' compensation division and to say to them, my office has changed, here is where I am to receive my mail. I didn't do that. And, consequently, that was put in a petition to reinstate, and Arbitrator Arbacci did grant that. And I think that's important to know, that he did exercise the discretion in that case, which came from, again, Section 16. This idea of discretion, I can do anything I want to do, when I want to do it, and how I want to do it, is anathema to the Act. So are you saying that it automatically gets reinstated upon your petition? Is that what you're suggesting? No. No. Well, then what are you suggesting? I'm suggesting, in fact, I'm stating emphatically that Section 16 requires good cause. I submitted good cause. We had a hearing on good cause. I believe it was on August 28th. Everything was taken, but the arbitrator refused, declined to rule. Well, we're going around in circles. Who determines good cause under your standard? Someone has to determine the merits of the motion. Would you concede that, at least? That is done in accordance with the Act, Your Honor. Okay. And you're saying it was not done in accordance with the Act? And your opponent, I'm sure, is going to say it was done in accordance with the Act. I don't think my opponent will go that far. So he's agreeing to your position? Is he agreeing to my position? I think he is forced to agree to my position pursuant to Section 16. Well, I could hear from him on that. I welcome his comments on that. Yes, sir. But the Section 16 requires the arbitrator to exercise good cause. It wasn't done in this case. The arbitrator simply avoided the issue by continuing the case. I believe the next date was September 12th. There's no record of those proceedings in the record here. We don't even know what happened. Then the next time it was up was October 28th. And on that date, I didn't even know that there was a hearing scheduled. I didn't appear. Did you keep track of this case? I'm sorry? Did you keep track of this case? I think I did, but I certainly did not. I didn't ask you if you thought you did. Did you? I think the record speaks for itself, Judge. You can draw the ready conclusion that, no, I was not even aware that October 28th had come and gone. I was trying to get in touch with my client regarding a, quote, settlement that the arbitrator had said that we should be pursuing. His comments on the record were, I want this case decided by the end of the year. One way or the other. Settle it or try it. The fact of the matter is, what he said and what he did is not the key to the case. Because he had no discretion to do that. None whatsoever. Section 16 says you must decide a petition to reinstate. You can't just simply continue it. And that's our point. Our point is that he avoided the decision. There was a lot of argument as to whether or not we were going to do it or not. And the end result was continue. No ruling. Continue. No ruling. And I wasn't there on October 28th. And he took the liberty at that time, contrary to the statute, simply to say, well, you're out of court. Well, when you say contrary to the statutes and the rules, doesn't the commission's rules clearly provide that after a case has been on file for three years, the parties risk dismissal if they do not appear at each status call? Isn't that in the rules? It's in the rules, but you have to read it in the context of good cause. Good cause shown by who? Shown by the petitioner. And I showed good cause. The record is replete with what happened on September 13th. There's no mistake. There was really no dispute about the issues or even the facts. Well, sir, it was originally continued so you could get medical testimony. And years went by, and you never did get the medical testimony. So where was your good cause? The good cause was in the fact that the arbitrator, this was what's called a 19B case. The arbitrator had three months in which to bring this case. By agreement with respondent and with the arbitrator, the case was continued until October 20th. It was not recalled at that time. Now, one of the issues I suppose you could say is, well, isn't it your responsibility to do it? Yes and no. What is the arbitrator required to do? He is required to either send out notice and set the matter for hearing, or he's required to close the proofs and render a decision. The act is very specific. And after all that happened, time went by, he dismissed it. No, I didn't have it. No, you didn't get the mail. And it got reinstated during all that time frame. We're talking years between about 2003 and 2008. Then ultimately in 2008, you went back to hearing. And it got dismissed then a second time. And then all this was about reinstatement in 2008, right? No, sir. With all due respect, I think you're mixing the first petition and the second petition together. The first petition is not even really before this Court. It was granted. There was no argument about that. I was very pleased that the arbitrator simply said, I understand, I receive your explanation as to why you didn't get the mail. The case is reinstated. Now, what Respondent points out and what the arbitrator does not take responsibility for, in which I have to take responsibility because everybody says it's my responsibility, they say I'm in the driver's seat. I'm the one who's supposed to enforce the act. I'm the one who's supposed to bring the case up for hearing. That's not true. Section 19B is very specific and very clear. You have three months. That case started on September 17th. He had three months after that to bring that case to a conclusion. And he did not do it. Who had that? I'm sorry? Who had the responsibility? The arbitrator, Arbitrator Hrabowski. It's in the act. It's in the rules. The Commission says he has to do it. And he didn't do it. What he did, apparently, and by his own admission, he sits there at the hearing table and parties say we need a new date. We need a new date. And Arbitrator Hrabowski said, granted, granted, granted, granted, granted. It just went on like that. Now, what happens in that situation is he has violated the act. What were you doing all this time? I'm sorry? What were you doing all this time? Were you asking for a hearing immediately? I asked for a hearing on October 20th. My agreement, my opponent and I agreed October 20th was the date. On that date, the medical doctor, Dr. Cohen, the treating physician, was supposed to come and testify. He was not ready to do that because the respondent kept asking for extraneous medical evidence. And I was doing my best to get, and I don't think I should have, but I was doing my best to get that information. Were you agreeing to these continuances or weren't you? I'm sorry? Were you agreeing to these continuances or weren't you? Yes, sir, I was. Well, then how can you blame it on Hrabowski? Because Hrabowski is appointed by the Illinois State Legislature and the Act and the Commission to perform specific duties. I'm not. Have you ever heard of the invited error rule? Pardon me? Have you ever heard of the invited error rule? You cannot raise as an error in any court that which you assisted in. And if you were agreeing to these continuances, Hrabowski or not, you're responsible for it. You can't raise that under the invited error rule, period. The invited error rule does not excuse a vagrant, just a flat-out refusal to follow the statute. With all due respect, sir, that statute, the legislature passed that statute for a very specific purpose. Which statute are you talking about? Workers' Compensation Act. What portion? Give us the section number. It starts with section 16. And what does section 16 say? It says that the Commission shall provide by rule. Yes. And then you go to the rules of the Commission. Right. And the rules are when you file a 19B and that there be no mistake, respondent and the petitioner both signed it. Arbitrator Hrabowski agreed to it. We started this case September 17th and it was to be continued to October 20th. That didn't happen. Is it my fault? So I want to get this straight. Hrabowski didn't give you a hearing in 90 days. So no matter how much you ignored this case for how many years, it doesn't make any difference. It's all Hrabowski's fault. Is that the idea? I don't think that's really the issue before us. With all due respect, sir. Counsel, your time is up. You'll have a short period on rebuttal. Thank you, sir. Counsel, please. Good morning. Brad Elwood for Lake County Grading. What do you understand from opposing counsel's argument that the arbitrator was due within 90 days? I think he's misreading the rules. First of all, this is a case where if you arguably say that the bifurcated provisions that he's pointing to of Rule 7030.2, if you look at the bifurcated section of Paragraph G that he's pointing to, he keeps missing the most important part. This is all cases except those heard under 19B1. Must be concluded within three months after the first hearing date. Then it goes on and says absent good cause shown. The good cause here is clear. The good cause is he needed to bring in a deposition and he wanted to bring in other witnesses. That's the good cause. So if you're going to say that this bifurcated provision applies, good cause is established by him. What does it mean must be concluded by? Well, I think if you say must be concluded by, if you're talking about that without good cause, it probably means that the proofs must be closed. It should be closed. If there's no action, nothing's happened, whatever, it's dismissed, right? Yeah. And it's gone. I think that's true. And so is there reinstatement provisions after those 90 days? Well, the reinstatement provision here, counsel is confusing this case. This is a very simple case. When we look at the authority of this Court and the only Supreme Court dealing with it, it's simply a matter of whether or not the commission promptly denied a petition to reinstate. That's all that we have here. There is no abusive discretion. We've outlined in our brief over and over all the reasons why. I'd like to take a second. He seems to be almost turning it upside down and saying that somehow the arbitrator has to justify show good cause for dismissing it. I think that's correct. The cause is on the claimant to show good cause to reinstate. The arbitrator doesn't have any burden in this case. I agree. I agree. Let's go back to the 90 days. I mean, if the arbitrator is running his or her docket and none of the parties or the counsel are doing anything on this case, it says 90 days, it's gone, goodbye. You're out. The case would be over. I find it hard when I listen to this argument about the 90 days. And is there a time limit thereafter, years or decades, before you can reinstate or is it over? I think you have to comply with the reinstatement rules. And they say how long do you get? 90 days, I believe. 60 days. 60 days. To petition for reinstatement. 60 days. Right. And he did try that in this case with respect to the two. Now, you know, I find it interesting in this case, this is a case that's played as a pneumoconiosis case. Those cases, as this panel knows, require expert testimony. If you don't have your medical, you're going to lose those cases. And if you're going to say that the proofs are going to close at the end of that period and they don't have their medical, they lose. So he's arguing basically to lose his case. And I don't understand that. But at the same time you have to take Dr. Cohen's deposition. Wasn't it almost four years had gone by since the case had been filed? Well, that was September of 2004 when that trial commenced and the leave was given to take that deposition. And it was four years when we were back in 2008 arguing about the second motion to reinstate. And it still had not been taken. And I'd like to make a point. Well, I think you got to the point I was trying to make, and that is if we're saying the arbitrator needs to involve him or herself in active case management and says that we can dismiss and it's gone, and you file a petition to reinstate, it's abuse of discretion, that's the whole status of this case, isn't it? It is. And so now it's a very simple case. But I think what opposing counsel is arguing that it was abuse of discretion for the arbitrator not to dismiss the case. And if that's the case, I mean, it's the claimant's burden to prove their recovery. I agree. So I'm confused, I guess. I agree. I'm equally confused in some aspects. I was trying to give some deference to opposing counsel's argument. He was alluding to he needed additional time to take Cohen's deposition. The case was continued to October 20th, I think he said. What happened on October 20th? Was anybody there? I don't think the record reflects what happened on that. I went back through the record and I couldn't find any indication of what happened and why the case didn't go. Obviously, our office, we're on the second law firm removed from the original trial counsel. But the record doesn't indicate what happened. It's counsel's burden as the appellant to have a record that adequately backs up his position. Do we know if anybody was there? The trial counsel? Well, I don't know. I can't say that. I'd have to guess. I don't know that. I mean, we do know it was continued to get the doctor's testimony. And to this day, we've never got the doctor's testimony. Is that right? That's true. So on October 20th, couldn't have proceeded. That's true. That's true. I have one comment that I'd like to make, and I want to make sure I clarify something from the briefs. One of the arguments that I sensed in this brief was an argument relating to abuse of discretion. I think the Court's familiar with situations where a trier-factor commission in this instance has a discretionary decision. One of the ways you can reverse that is to say, look, he didn't exercise discretion in this instance, or he focused on one factor. There's ways to get around the abuse of discretion. I think one thing I'd like to leave the Court with here, I think that when the arbitrator took this case in August of 08, under advisement for August, brought counsel back in September, had additional discussions and came back again with the intent to finally rule on that motion and possibly move the case forward in October, I think what the arbitrator was doing here is saying, look, I've been listening to this argument from you. I've been hearing you say over and over, I'm going to get a debt. I'm going to bring in a debt. This case has been languishing for years. I think what the arbitrator did is say, prove it to me. The arbitrator took it under advisement and said, I want to see action to back up your words. Gave him until September. Nothing happens. Gives him until October. Nothing happens. He doesn't even show. And the arbitrator says, you know what? This is over. It's done. I think it's ironic this is. The arbitrator is continuing the case at opposing counsel's request, and then he turns it around and uses it against him. He didn't resolve the case in 90 days, even though he was the one who was asking for the continuances. Correct. Well, thank you. Unless there are any further questions, we ask the Court to affirm. Thank you. Roberto, please. Thank you, Justices. Great questions. The point is, put good cause aside, does the arbitrator have a duty and obligation to follow the statute or not? You didn't have any duties at all, huh? I'm sorry? You didn't have any duty at all, apparently. My duty was to my client. Well, you sure didn't do it. I'm sorry you feel that way. Counsel, let's strip any argument, any emotion out of it. If you ask for continuances of the arbitrator to take a deposition, and he goes along with you and cuts you some slack, what did he do wrong by doing that? Did you want him to dismiss your case before he had a chance to prove it? What he did wrong, and this is why I said they were good questions, where was anybody on October 20th? Where were you? No, I wasn't there. Why weren't you there? I received no notice that the case was even going to be called on the 20th. Was I there? I thought you asked for the date because you wanted to get Cohen's deposition. Weren't you there when it was set for October 20th? Go back to the date, September 17th. Right, were you there? Yes, sir. Okay, did you know the case was being continued? The record shows I was there. Did you know the case was being continued to October 20th? Yes. And so why weren't you there? Because it wasn't called. It had been put back. It was a 19B case, and it had been taken and put back on the regular call. Explain. I don't know why he did it. The act certainly doesn't permit it. And my time is very quick, I have to say. He had 90 days. Forget everything else. He had 90 days, and when that didn't happen, he had a duty to send out a notice that says, I'm finished with this case. Here are my findings. Here are my conclusions. If you don't like it, go to the commission. With all due respect, the arbitrator did not follow the statute, and I think, again, that's why we had amendments to the Workers' Compensation Act. Hopefully we're going to have arbitrators now who will follow the statute. Do I have a duty? Yes, sir. I'm not walking away from my duty. But my duty is to my client. It's not to the arbitrator. I would suggest one final thought to you. If the arbitrator had followed the technical rules as you suggest, you would have been DWP'd years ago. No, sir. Sorry. He would have sent out a notice that says, this is a 19B case. You've gone past the 20th. I didn't call it, but I'm going to call it now. Either come in here with that medical testimony or else. And keep in mind one other thing, that this record is EREFTA. Where was the employer? Doesn't he have any rights to move this case? He did nothing. He sat back. If you feel the burden of going forward, what burden does he have? It's in the statute. It's in the rules. He has to help you. He's not helping me. He's helping the commission.  Do I what? Do you have the deposition of Cohen? The case was over a long time ago. It was kicked out because they would not follow the statute. All right. Thank you, counsel. Thank you. The court will take the matter under advisement for disposition. Clerk, please call.